UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASSOCIATED TERMINALS, LLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUTATED, ET AL | * * * | CIVIL ACTION NO. 22-3118 |
| | * | |
| VS | * | JUDGE IVAN L.R. LEMELLE |
| ENTERGY CORPORATION, ENTERY LOUISIANA, LLC; AND ENTERGY NEW ORLEANS, LLC | * * * | MAGISTRATE JUDGE DANA M. DOUGLAS |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT** through undersigned counsel, comes plaintiff Associated Terminals, LLC, individually and on behalf of those similarly situated to, supplement and amend its original Petition as follows:

I.

Defendants had a duty - by law, regulation and good practices - to construct its structures towers, wires, etc. adjacent to and over the Mississippi River in a manner so as to void restricting, blocking or impairing the free and full use of the river for commerce and by those dependent on an open river to conduct business and whose business is reliant upon the use/availability of an open river.

II.

Defendants had a duty to, and in the possess of seeking approval to construct their

structures adjacent to and over the Mississippi River committed to, not obstruct commercial use of the river and defendants explicitly undertook a duty, in additional to those imposed by law, regulation and good practices, to plaintiff and those similarly situated. Plaintiff and those similarly situated are the explicit beneficiaries sought to be protected by this requirement, committed to and undertaken by defendants, that defendants not obstruct the use of the river.

II.

The losses sustained by plaintiff and those similarly situated were encompassed within the duty(ies) undertaken or imposed upon defendants yet breached by defendants.

III.

The duty(ies) breached by defendants encompassed the risk of the injuries/damages sustained by plaintiff and those similarly situated.

IV.

Plaintiff and those similarly situated obtained permits and other approvals for their operations in and using the river. They have a proprietary, ownership interest in the right of passage, use, ingress/egress, etc. enjoyed by them and their guests/invitees to use the rights of passage, use, ingress/egress, and right of access. These rights are transferable and constitute real rights under the law. These rights (and the river burdened by these rights) were impaired and physically harmed by defendants.

**WHEREFORE**, Plaintiff prays that after due proceedings be had, that there be judgment in its favor and against defendants, in an amount sufficient to compensate

plaintiff and those similarly situated for the damages detailed above, as well as for all costs of this action, attorneys' fees, interest, and for all general and equitable relief.

Respectfully submitted,

*/s/ Gary J. Gambel*

_____
GARY J. GAMBEL (#19864)
MURPHY, ROGERS, SLOSS, GAMBEL
 & TOMPKINS
Suite 400, One Shell Square
701 Poydras Street
New Orleans, Louisiana  70139
Telephone:   (504) 523-0400
Facsimile:   (504) 523-5574
ggambel@mrsnola.com

JENNIFER N. WILLIS (14877)
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, Louisiana  70119
Telephone:   (504) 488-6301
Facsimile:   (504) 488-6302
jenniferw@willisbuckley.com

REBECCA DAVIS LEE (33087)
LEE LAW, LLC
902 W. Thomas Street Suite B
Hammond, Louisiana
Telephone:  (225) 505-4985
Facsimile:  (225) 351-8873
rebecca@davisleelaw.com