UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ASSOCIATED TERMINALS, LLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | * * * | CIVIL ACTION NO. 22-3118 |
|---|---|---|
| VERSUS | * | SECTION "B" (2) |
| ENTERGY CORPORATION, ET AL. | * | |

**ORDER AND REASONS**

Pending before me is a Motion for Protective Order and Motion to Compel Supplementation of Initial Disclosures, both filed by Defendants Entergy Corporation, LLC, Entergy Louisiana, LLC, and Entergy New Orleans, LLC's (collectively, "Entergy"). ECF Nos. 51, 59, 60. Plaintiff Associated Terminals, LLC timely filed Response/Opposition Memoranda. ECF Nos. 56, 56-1, 62. Entergy sought leave and filed Reply Memoranda. ECF Nos. 57, 59, 63, 65. Pursuant to the district court's August 25, 2023 Order of Reference, Entergy's Motion for Protective Order is now also pending before the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 66. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Entergy's Motion to Compel (ECF No. 60) and Motion for Protective Order (ECF No. 51) are GRANTED for the reasons stated herein.

**I.     BACKGROUND**

On August 29, 2022, Plaintiff Associated Terminals, LLC filed this class action lawsuit against Entergy seeking damages after Entergy's transmission tower and related equipment fell into, and obstructed passage through, the Mississippi River during Hurricane Ida on August 29-30, 2021, which Plaintiff contends disrupted commercial activities and caused them to lose

1

business.  ECF No. 1-1 ¶¶ 1-2, 4-11.  On January 3, 2023, Entergy filed a Rule 12(b)(6) motion to dismiss based on the economic loss rule.  ECF Nos. 1, 12.  Shortly thereafter, Plaintiff filed an Amended Complaint and moved for class certification.  ECF Nos. 17, 20.

The district court dismissed without prejudice Entergy's motion to dismiss and instructed the parties to proceed with discovery "focused specifically on the risk-utility balancing test and indeterminate liability as outlined in *PPG Indus., Inc. v. Bean Dredging*, 447 So. 2d 1058, 1061 (La. 1984) and its progeny."  ECF No. 47.  The Court later entered a Scheduling Order that established a July 5, 2023 deadline for the exchange of initial disclosures and a July 10, 2023 deadline for submission of a proposed joint protective order.  ECF No. 50 at 1.  On July 5, 2023, Associated Terminals provided its initial disclosures to Entergy, which responses contained no substantive information about its alleged damages.  *See* ECF No. 60-2 ¶ C at 3.  The next day, on July 6, 2023, the district court held a status conference regarding the parties' proposed discovery schedule and other deadlines.  ECF No. 50.

A. **Protective Order Dispute and Administrative Closure**

The district court ordered the parties to submit a joint proposed protective order by July 10, 2023.  ECF No. 55.  The parties worked collaboratively and reached agreement on most terms but could not agree on Associated Terminals' ability to share Entergy's confidential documents and information with counsel for the putative class in a related state-court action involving power outages.  *See* ECF Nos. 51, 56, 59.  As such, Entergy filed its own motion for protective order on July 10, 2023. ECF No. 51. The district court then ordered Associated Terminals to file its own proposed protective order by July 17, 2023, which plaintiff did.  ECF Nos. 55, 56.  The parties fully briefed the protective order dispute, but before the matter was resolved, the court administratively closed this case "for the limited purpose of allowing parties to complete the

focused discovery previously ordered and to supplement the record with their subsequent findings." ECF No. 61.

    B. <u>**The Motion to Compel**</u>

Entergy now seeks to compel supplemental initial disclosures regarding Associated Terminals' alleged damages, asserting no such information or documentation has been provided to date. ECF No. 60. Although Entergy has also issued discovery requests seeking more detailed information regarding Plaintiff's claimed damages, its motion is limited to the information identified in Rule 26(a)(1)(A)(iii), namely "computation of each category of damages claimed by the disclosing party" and "documents . . . on which each computation is based." *Id*. at 4-5; *see also* ECF No. 65 at 3 n.2. Entergy notes that Associated Terminals previously did not object to the production of damages information, but instead advised that such information was "being compiled by plaintiff and will be provided . . . ." *See* ECF No. 60-2 at 3. Entergy argues that the production of such information is both mandated by Rule 26(a)(1)(A)(iii) and relevant to the risk-utility balancing test and indeterminate liability because establishing the existence of contractual relationships allegedly damaged as a result of Entergy's negligence "is a necessary preliminary step in assessing a claim for purely economic loss." *Id*. at 6. Entergy contends that such information is likewise relevant to the harm prevention component of the risk-utility balancing test.

In Opposition, Associated Terminals asserts that "[d]etermining the exact dollar amount that the plaintiff lost in this case is an arduous, time-consuming, expensive task, and does nothing to advance the Court's consideration of the risk-utility balancing test nor is it the directed discovery that the Court ordered." ECF No. 62 at 2. Plaintiff further asserts that such information bears no relevance to any of the risk-utility factors espoused in La. Civ. Code. art. 2322, namely (1) utility;

(2) likelihood and magnitude of harm; (3) cost of preventing the harm; or (4) social utility of plaintiff's activities. *Id*. at 3. Notwithstanding these arguments, Associated Terminals later concedes that gathering damages information is "in the best interest of all parties" and it is working to produce same "as expeditiously as possible, provided that an appropriate protective order is entered." *Id*. at 5.

In Reply, Entergy asserts that it is undisputed that Associated Terminals' initial disclosures are deficient because they contain no information as to damages in violation of Rule 26. ECF No. 60-1. Entergy also reiterates that information about Associated Terminals' losses is essential to the duty-risk and scope-of-the-duty analysis and requests that the court order Associated Terminals to supplement their initial disclosures within seven calendar days. *Id*. at 5-8.

## II.    APPLICABLE LAW AND ANALYSIS

### A. Motion to Compel

#### 1. Initial Damages Disclosures

Rule 26(a)(1)(A)(iii) mandates the disclosure of

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

The purpose of this provision, which requires a party to disclose damages information without awaiting a discovery request, is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." *Id*., Advisory Committee's Note to 1993 Amendment.[1]   "A party claiming damages has the obligation, when it

---

[1] *See Broussard v. Go-Devil Mfg. Co. of La., Inc*., No. 08-124, 2009 WL 10669961, at *1 n.2 (M.D. La. Aug. 13, 2009) (noting that, under the Federal Rules of Civil Procedure, a party is not required to wait until expert report deadlines to obtain another party's damages computations and is permitted to obtain that information through initial disclosures).

4

makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be."[2] Rule 26(a)(1)(A)(iii) "does not elaborate on the level of specificity required in the initial damages disclosure,"[3] but "[a] party must make its initial disclosures based on the information then reasonably available to it." FED. R. CIV. P. 26(a)(1)(E).

Rule 37(a)(3)(A) and (B) authorize a party to move for an order compelling disclosure when the responding party fails to provide full and complete disclosures.

### 2. Risk-Utility Balancing Test and Indeterminate Liability

Pursuant to the Court's August 6, 2023 Order, this case is administratively closed except for the limited purpose of allowing parties to complete "discovery focused specifically on the risk-utility balancing test and indeterminate liability as outlined in *PPG Indus., Inc. v. Bean Dredging*, 447 So. 2d 1058, 1061 (La. 1984) and its progeny." *See* ECF Nos. 47, 61. In *PPG*, the Louisiana Supreme Court reasoned that, while "[r]ules of conduct are designed to protect *some* persons under *some* circumstances against *some* risks," the law prohibiting negligent property damage "does not necessarily require that a party who negligently causes injury to property must be held responsible to all persons for all damages flowing in a 'but for' sequence from the negligent conduct."[4] Indeed, Louisiana law provides that a party only has a duty to protect against *unreasonable* risks that are not obvious or apparent.[5]

---

[2] *Tendeka, Inc. v. Glover*, No. 13-1764, 2015 WL 2212601, at *16 (S.D. Tex. May 11, 2015) (quoting *Joseph v. Las Vegas Metro. Police Dep't*, No. 09-0966, 2010 WL 3238992, at *2 (D. Nev. Aug. 13, 2010) (citing *City & Cnty. of San Francisco v. Tutor–Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003) (recognizing that Rule 26(a)(1)(c) anticipates supplemental disclosures with ever-greater level of detail as discovery progresses))).
[3] *4R4 Songs, LLC v. Tru G. Wilhelm, Inc.*, No. 21-1081, 2021 WL 4507451, at *1 (D. Nev. Oct. 1, 2021) (quoting *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003)).
[4] *PPG*, 447 So. 2d at 1061 (citations omitted) (emphasis in original).
[5] *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 185 (emphasis added).

To determine whether a defendant has breached this duty, the factfinder employs a risk-utility balancing test, which contains four factors: utility of the complained-of condition, likelihood and magnitude of harm, cost of preventing harm, and nature of the plaintiff's activity.[6]

Entergy asserts that the Louisiana Supreme Court has consistently emphasized the importance of the contractual relationships in assessing whether a plaintiff may recover damages for purely economic loss resulting from negligence, noting that *PPG* focused on delineating the relationships between the parties, the affected contract, and the defendant when addressing the scope-of-the-duty analysis. ECF No. 60-1 at 5-6 (citing *PPG*, 447 So. 2d at 1059). Entergy further avers that damages information is necessary to address the cost of preventing the harm at issue and mitigation of losses. *Id*. at 6-7. Associated Terminals disputes this contention, arguing that "financial information regarding the plaintiff is not relevant" to any prong of the risk-utility balancing test.

Entergy's argument has merit. In order to assess the extent of their duty under the risk-utility analysis, Entergy must be able to explore the likelihood, nature, and extent of Associated Terminals' economic losses allegedly incurred due to Entergy's negligence.[7] The financial losses allegedly incurred by Associated Terminals are likewise relevant to determining the potential costs of preventing such harm, and as the Louisiana Supreme Court has made clear, "cost is a necessary part of the risk-utility balancing test."[8] Further, as Associated Terminals itself concedes, production of its damages computations and supporting documents "is in the best interests of all

---

[6] *Id*. at 186-193; *see also Bufkin v. Felipe's La.*, LLC, 2014-0288 (La. 10/15/14); 171 So. 3d 851, 856 (noting that Supreme Court has "synthesized risk-utility balancing test to a consideration of four pertinent factors) (citations omitted).
[7] *See Maw Enters., L.L.C. v. City of Marksville*, 2014-0090 (La. 9/3/14); 149 So. 3d 210, 222 (considering the term of a rental lease, including $4000 monthly fee, between rental applicant and third party and noting the unlikelihood that the moral, social and economic considerations underlying imposition of duty to issue alcohol permits to applicant would encompass the risk that a third party contracting with applicant would suffer economic loss).
[8] *Chambers v. Vill. of Moreauville*, 11-898 (La. 1/24/12); 85 So. 3d 593, 600.

parties." Accordingly, Associated Terminals must provide the defendants with all information and documentation regarding its alleged damages resulting from the tower obstruction, as required by Rule 26(a)(1)(A)(iii), within fourteen (14) days of this Order.

### B. Protective Order

The parties reached a consensus on all but one aspect of their proposed joint protective order before the administrative closure of this matter for purposes of focused discovery. Associated Terminals indicates that it will provide initial damages disclosures to Entergy "provided that an appropriate protective order is entered." Entergy asserts that this argument fails, however, because the parties agreed to produce initial disclosures before the protective order submission deadline, Associated Terminals has a duty to provide information despite the possibility that a hypothetical document may contain confidential information, Associated Terminals failed to raise this argument in a timely fashion, and Entergy has offered to treat all information and documents from Associated Terminals as confidential pending entry of a protective order. ECF Nos. 62 at 5; 65 at 3.

The parties have been unable to agree on terms relative to the categories of individuals with whom confidential information can be shared.[9] Associated Terminals objects to Entergy's proposed protective order "to the extent that it would seemingly prohibit the sharing of information strategies experts etc. [sic] with the Civil District Court case counsel, even under Associated Terminals' proposal that those counsel experts and whomever [sic] would be required to sign on this protective order . . . ."[10] Specifically, Associated Terminals wishes to codify its ability to share confidential information not designated as "Attorneys' Eyes Only" with "counsel, staff and experts in the *Stewart v. Entergy* action," which is a state court class action involving power

---

[9] ECF No. 51 -1 at 1.
[10] ECF No. 56 at 1.

7

outages.[11] Entergy objects to the inclusion of such language, which would allow Associated Terminals' counsel to share information "even without advising Defendants that their confidential information has been shared in the first instance."[12] Entergy asserts that the proposal is contrary to a core premise agreed by both sides: confidential information will be used solely "for purposes of this litigation." Entergy notes that the power-outage plaintiffs have agreed to a separate proposed protective order, meaning Associated Terminals' proposal could inadvertently place the plaintiffs in an "untenable position relative to compliance with the respective protective orders." Entergy further argues that it is entitled to notice and an opportunity to object if any other party seeks to obtain its confidential documents, the proposal could render meaningless the court's order limiting discovery, and uncertainty as to confidential information obtained by Associated Terminals puts Entergy at a strategic disadvantage.[13]

1. **Applicable Law**

The Federal Rules of Civil Procedure empower a district court to limit the use of discovered documents or information.[14] Thus district courts may properly issue protective orders that restrict the use of discovery materials to the present litigation because such limitations are neither "unduly constricting" nor an abuse of discretion.[15] In order to overcome a district court's broad discretion to limit the sharing of discovery materials, a party must establish prejudice beyond "claim[s of] harm from the inability to share and compare information with other litigants in other cases . . . ."[16] Further, while some courts allow sharing amongst "similarly situated" litigants,[17] "the trend

---

[11] ECF Nos. 56-1 at 6-7; 59 at 1-2.
[12] ECF No. 59 at 2.
[13] *Id*. at 3.
[14] Fed. R. Civ. P. 26(c); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 68 (5th Cir. 1985).
[15] *Scott v. Monsanto Co*., 868 F.2d 786, 792 (5th Cir. 1989).
[16] *Id*.
[17] The court notes that the power-outage plaintiffs in *Stewart* and the plaintiffs in this matter do not qualify as "similarly situated" collateral litigants in light of their differing causes of action. *Compare with Patterson v. Ford Motor Co.,* 85

appears to be away from inclusion of sharing in protective orders," and "other courts, particularly in the federal system, have been hostile to upfront sharing provisions."[18]

### 2. Analysis

This Court will not authorize the unregulated sharing of information marked as confidential by Entergy in this case with "counsel, staff, and experts" in an entirely separate state court action. Though the plaintiffs in *Stewart* and this case assert claims against a common defendant, their causes of action are completely separate, precluding them from availing themselves of "collateral litigant" status for discovery-sharing purposes.

Entergy's status as a defendant to this litigation does not subject it to unchecked disclosure of its confidential information. The *Stewart* plaintiffs may obtain information from Entergy through the proper channels of discovery in the state court proceeding and in accordance with the governing protective order in that matter. There is no need for them to obtain Entergy's documents from any litigant in this proceeding without notice to Entergy or an opportunity for it to protect its confidential business information.

### III. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Entergy's Motion to Compel (ECF No. 60) is GRANTED. Associated Terminals must supplement its initial disclosures with categorized computations of damages and any supporting documentation in its possession, custody, or control within fourteen (14) days of this Order.

---

F.R.D. 152 (W.D. Tex. 1980) (allowing sharing of discovery amongst plaintiffs in products liability actions against same motor company involving the same products).
[18] *Rosas v. Goodyear Tire & Rubber Co.*, No. 18-101, 2019 WL 3308481, at *5 (quotation omitted) (collecting cases).

IT IS FURTHER ORDERED that Entergy's Motion for Protective Order (ECF No. 51) is GRANTED. Entergy's proposed protective order (ECF No. 51-3) will be signed and issued under separate cover.

New Orleans, Louisiana, this __25th__ day of August, 2023.

                                      DONNA PHILLIPS CURRAULT
                                      UNITED STATES MAGISTRATE JUDGE